HEWITT, JR., and another vs. BUTTERFIELD.

*April 25 — May 10, 1881.*

EJECTMENT. *(1) Presumption as to plaintiff's claim of title. (2) Recording tax deed a claim of title.*

1. Where plaintiff in ejectment shows a prior patent of the land from the state, and defendant is in posession under subsequent invalid tax deeds, it must be presumed, in the absence of proof, that the lands were held under such patent when the tax proceedings were had, and not held under claim of title adverse to the patent; and plaintiff need not show title in the state, which appears to be the common source of title to both parties.
2. The recording of a tax deed of wild and unoccupied lands is a sufficient assertion of title to warrant an action of ejectment by the original owner, under the statute.

APPEAL from the Circuit Court for *Marathon* County. Ejectment, for a large number of quarter-sections of land in said county. The answer was a general denial and an aver-

ment of title in the defendant. Plaintiffs claimed said lands under patents, most of which were dated October 4, 1871, from the state of Wisconsin to Welcome Hyde and the plaintiff *Henry Hewitt, Jr.;* and they offered in evidence said patents, with deeds from Hyde and wife to the plaintiff *Sheills,* executed in 1877, and also a quitclaim deed from the county of Marathon and the state of Wisconsin to the state of Wisconsin, dated June 3, 1867, purporting to be executed in pursuance of ch. 22, Laws of 1867, and to convey the lands described in the complaint. All these deeds were objected to on the ground that it did not appear that Marathon county ever had any title to the lands which they purported to convey.

The defendant introduced evidence to show that the title of Marathon county to the lands conveyed by it to the state in 1867, being the lands here in controversy, was founded upon tax deeds insufficient in form to convey title. He also put in evidence tax deeds to himself from Marathon county, executed in 1878, purporting to convey the lands here in question; such deeds being based upon sales made in 1875 for delinquent taxes of 1874. These deeds had been put upon record by the defendant. In reference to these tax sales plaintiffs introduced evidence tending to show, 1. That there was no valid assessment, because the assessor had valued all wild lands at the same rate, without reference to actual differences in value; and 2. That the county treasurer's affidavit of the posting of notices of said sales did not state how long before the sales such notices were posted.

The court instructed the jury, *inter alia,* that the patents introduced by the plaintiffs were evidence of title in the grantees therein named, and that the county treasurer's affidavit of notice of the tax sales of 1875 was fatally defective.

The plaintiffs had a verdict; a new trial was refused; and defendant appealed from a judgment on the verdict.

For the appellant there was a brief by *James & Crosby,* and oral argument by *Mr. Crosby.*

For the respondents there was a brief by *Eldred & Grace*, their attorneys, and a separate brief by *Chas. W. Felker*, of counsel, and oral argument by *Mr. Grace*.

COLE, C. J. The plaintiffs claim title to the land in controversy under patents issued by the state. Their counsel contend that these patents afford presumptive evidence of title as against the defendant, who claims under tax deeds issued in tax proceedings instituted subsequent to the dates of the several patents. We see no escape from this position, and consider it decisive of the case. It is true, it is argued by defendant's counsel that the state acquired no title to the lands under the conveyance from Marathon county, because the tax deeds under which Marathon county held them were void on their face; therefore the county had nothing to convey. But we shall not attempt at this time to place a construction upon chapter 22, Laws of 1867, which authorized Marathon county to convey certain lands to the state in satisfaction of its indebtedness to the state. The meaning and effect of that law were questions largely discussed upon the argument. But we do not deem it necessary to enter into a consideration of these questions on this appeal. It is sufficient to say that the defendant does not derive title from a source, properly speaking, hostile and adverse to that of the state. On the contrary, whatever claim he has to the lands arises out of tax proceedings taken under state authority. He is not in a position to attack the title which the plaintiffs acquired under the state patents. If he were making title under one claiming adversely to the state, his position would be different. But now, as the case stands, the state is the common source of title.

The plaintiffs, then, are not bound, under the circumstances, to go beyond their patents and show that the state had title to convey. The patents themselves were *prima facie* evidence of title in them as against the defendant. Though the fact is not proven, the presumption is that the lands were assessed

for taxes to those claiming under the patents. If they had no title, it is quite clear the defendant acquired none by his tax deeds. The defendant relies upon the elementary principle that, in the action of ejectment, the plaintiff must recover upon the strength of his own title, and not on the defects in that of his adversary. But still, we think, when the plaintiffs introduced the patents from the state, they did show presumptively a good title against the defendant. Whether the patents would establish a valid title against all the world, is quite another question. It is not indispensable that the plaintiffs should establish a perfect, indefeasible estate in fee simple in themselves in order to recover against one who has no legal right either of property or possession. *Lewis v. Goguette*, 3 S. & P. (Ala.), 184.

It will be remembered that the lands in dispute are wild and uncultivated, and are not in the actual possession of any one. The defendant had placed his tax deed upon record, which was a sufficient assertion of title on his part to warrant this action under our statute. *Hill v. Kricke*, 11 Wis., 443; *Knox v. Cleveland*, 13 Wis., 246; *Dean v. Earley*, 15 Wis., 100.

It is not seriously claimed by the counsel for the defendant that his tax deeds are valid. The evidence which was introduced on the trial by the plaintiffs, most successfully impeached the validity of those deeds, under the decisions of this court, in more than one respect. We need not dwell upon the testimony bearing upon this point. The defendant, in order to defeat the action, relies really on the position that it was not shown that the state had title when it issued the patents. But, as we have said, the patents afforded presumptive evidence of title against the defendant.

It follows from these views that the judgment of the circuit must be affirmed.

*By the Court.*—Judgment affirmed.