### E. C. Bell *v.* James Gordon et al.

1. Tax Deed. *How signed.*
    A tax deed is not vitiated by the fact that it purports to be made, and is signed, by the "sheriff" and tax-collector, and not by the latter only.

2. Same. *Owner's name.*
    A tax deed is good which follows literally the form prescribed by the statute, although it omits to state the name of the owner of the land.

3. Same. *Presumptions in favor of sale.*
    A tax deed raises the presumption that all was done which the law required to be done, and that the land was sold in the smallest legal subdivisions.

4. CHANCERY. *Practice. Bill of exceptions.*

    The evidence in a case in the Chancery Court is always part of the record for review, on appeal, without a bill of exceptions.

5. SAME. *Parties.*

    In a proceeding in chancery to confirm a tax title under the statute, the complainant's evidence showed that one not a party to the suit held a deed to the land. *Held,* that the suit was with those only named as defendants, and complainant was entitled to a decree.

APPEAL from the Chancery Court of Pontotoc County.

Hon. A. B. FLY, Chancellor.

Plaintiff in error filed his bill against defendants in error to confirm a tax title, under a sale made in May, 1860, for taxes due in 1859. It is not necessary to notice the pleadings further, as the decree was made on the tax deed, which recited that " I, A. J. Donalson, sheriff and tax-collector," sold the land for taxes assessed " to the reputed owner thereof," for the year 1859. In other respects, except as to the word " sheriff," the deed followed literally the form prescribed by the statute.

The chancellor decided that the deed was not in itself sufficient, excluded it, and dismissed the bill. The bill, answer, proof, and decree are in the usual form, but at the conclusion of the decree follows a bill of exceptions to the decree, and it does not state what are exceptions and what is record. The clerk certifies the whole of it as the record in the case.

The other points are presented in the opinion of the court.

*J. H. Barr,* for the appellant.

1. The deed was not vitiated because the tax-collector also described himself in the deed as sheriff. Blackw. on Tax Titles, 342.

The sheriff was the tax-collector, made so by law. Rev. Code 1857, p. 71.

Where a public officer affixes his official signature to a proper paper, such paper is not nullified because the officer adds some other description to his name. *Sheldon* v. *Crates,* 10 Ohio, 278; *Barnard* v. *Graves,* 13 Metc. 85; *French* v. *The State,* 52 Miss. 759.

The tax deed would have been valid without adding the

word "sheriff" or "tax-collector," as such addition is not required by the form prescribed by the Legislature. Code 1857, p. 80.

The tax deed is literally in the form prescribed, except the additional prefix of "sheriff" to tax-collector.

2. When the Legislature prescribes a form, it is sufficient if that form is followed. *Bowers* v. *Chambers*, 53 Miss. 259; *McIntyre* v. *White*, 5 How. 298; *Amos* v. *Allensett*, 2 Smed. & M. 215; *Prockey* v. *West*, 8 Smed. & M. 711.

This very question has been settled in favor of the deed in this case, formerly before the court, and not reported.

The tax deed, under the act of October, 1860 (Pamphlet Acts, 213, 216), can only be impeached for the causes mentioned in the act. This is not done by the answer in this case. Blackw. on Tax Titles, 73.

The proof in this case shows that neither of the defendants have even a shadow of title to the land.

*Walter & Walter*, for the appellees.

1. If a deed is excluded on particular objections assigned below, the Supreme Court will not reverse, though the objections were not valid, if other legal objections exist against it. *Lindsey* v. *Henderson*, 5 Cush. 502; *Torrey* v. *Fisk*, 10 Smed. & M. 590. The deed should have given the "name" of the reputed owner, or should have stated that the owner's name was unknown. The tax has to be assessed against the owner, if his name is known. He becomes personally liable for it. The form of publication for sale requires the name to be given, if known.

The deed has to remain in the clerk's office two years, for redemption. Parties would look for deeds containing their names, in the effort to redeem. To follow literally the form, and say that the forfeiture is for "taxes assessed to the reputed owner," is not sufficient.

If the form has to be followed as strictly as contended for by opposing counsel, then it is void because it adds the word "sheriff," not found in the form.

The rule is uniform that the law in reference to tax deeds shall be construed strictly. Blackw. on Tax Titles, 82 ; *Hodge v. Wilson*, 12 Smed. & M. 498 ; *Munn* v. *City of Natchez*, 12 Smed. & M. ; *States* v. *Weir*, 4 Cush. 187.

2. The sale must be in strict accord with the statute as to parcels and descriptions of the land. Blackw. on Tax Titles, 281, 79 ; *Robson* v. *Osborne*, 13 Texas, 298.

The law requires that the sale must be made in the smallest legal subdivisions of a tract. Our court and the Chickasaw Treaty recognize eighths of sections as subdivisions. *Hazlege v. Noland*, 6 Smed. & M. 294 ; *Hodge* v. *Wilson*, 12 Smed. & M. 498 ; *Buskin* v. *Winston*, 2 Cush. 431 ; U. S. Rev. Stat., sec. 2397.

The deed in this case does not show a sale in accordance with the law in this respect.

A tax deed must be fully proven, and " that all the requirements of the law have been fully complied with." Blackw. on Tax Titles, 79, 364 ; *Robson* v. *Osborne*, 13 Texas, 298.

As to all matters not specifically mentioned in the act of February 10, 1860 (Pamphlet Acts, 213), they must be proved. This is not done in this case.

3. The deed was excluded. There was no bill of exceptions containing the deed, or showing its exclusion. If, however, there is such a bill of exceptions, then the whole record is of exceptions. In the absence of such bill the presumption is that the court below acted correctly. *Byrd's Case*, 1 How. 162 ; *Harris* v. *Newman*, 2 Smed. & M. 510 ; *Gale* v. *Lancaster*, 44 Miss. 413.

The bill of exceptions must have the clear marks of such an instrument. *Windham* v. *Williams*, 5 Cush. 313 ; *Anderson v. Hill*, 12 Smed. & M. 679 ; *Organ's Case*, 4 Cush. 78 ; *Phipps* v. *Morton*, 4 Geo. 211.

4. Davis, who held the legal title, as shown by the evidence of appellees, is not a party. This is positively required. Acts 1860.

This court has held that a mortgagee out of possession,

a mechanic holding a lien — every one, in fact, interested in the land, must be made a party. _Meeks_ v. _Whatley_, 48 Miss. 337.

Should the court reverse, it must remand for amendment as to parties.

_J. H. Barr_, in reply.

1. The deed was an exhibit to the bill, its due execution was not denied by the answer, and no bill of exceptions was necessary.

2. The fact that the "reputed owner's" name is not mentioned in the deed is no objection. It is not required by the legislative form.

3. The deed need not specify that the land was sold in the smallest legal subdivisions. The law presumes the officer did his duty, and the deed is _prima-facie_ evidence of this fact. _Dogan_ v. _Griffin_, 48 Miss. 11; _Bell_ v. _Coates_, 54 Miss. 538. To same effect are _Hodge_ v. _Wilson_, 12 Smed. & M. 498, and _Baskins_ v. _Winston_, 2 Cush. 431.

4. There is a bill of exceptions, and the fact appears in the record.

CAMPBELL, J., delivered the opinion of the court.

This being a bill to confirm a tax title acquired May 7, 1860, and there being no evidence of fraud or mistake in the assessment or sale of the land, complainant was entitled to a decree, unless the deed he offered to support his claim be void on its face. Sess. Acts 1860, p. 213.

The deed is in the precise form prescribed by article 38, page 80, Code of 1857, except that its words are, "I, A. J. Donalson, _sheriff and_ tax-collector of Pontotoc County," etc., instead of "I, A. J. Donalson, tax-collector of Pontotoc County," etc.; and superadded to the signature of Donalson to the deed is the word "sheriff," or an abbreviation of it, which variation, it is gravely argued, renders the deed void.

The maxim, _utile per inutile non vitiatur_, disposes of these objections. It is further insisted that the deed is void because

it does not state the name of the reputed owner of the land. The answer to this is that the deed follows the form prescribed by law. *Bowers* v. *Chambers* et al., 53 Miss. 259. The deed raises the presumption that all was done that was necessary to a valid sale by the tax-collector, and, there being no evidence to rebut this presumption, the objection to the deed because it does not show that the sale was made by offering first the smallest legal subdivision, and because complainant did not show the concurrence of those things necessary to a valid sale, is unavailing. The production of the deed, without other evidence, entitled complainant to a decree. The other evidence which he offered was wholly unnecessary, and no harm was done by excluding it.

The point so zealously pressed by counsel for appellees, that we cannot notice the evidence read in the court below because it is not contained in a bill of exceptions, has no merit. It has no application to a chancery cause. The evidence in such case is always a part of the record for review on appeal, without a bill of exceptions.

The complainant did not, as he might, make defendants to his bill " all persons having or claiming any legal or equitable interest in " the land, but proceeded by summons against certain persons named. This controversy is, therefore, only with those made defendants, and as against them complainant is clearly entitled to a decree. The decree dismissing the bill is reversed and decree ordered for appellant.