### R. A. QUIN *v.* B. B. MYLES.

1. STATUTE OF FRAUDS. *Conspicuous sign.*

    Under Code 1880, § 1300, property used in a bar and billiard room con-
    ducted under the sign only of " Empire Saloon," is liable to execution
    on a judgment against an employee for part of the profits, who con-
    ducts the business under a written contract with the owner that it
    shall be carried on under the name of the employee " & Co.," in which
    name the city license is obtained.

2. SAME. *Apparent ownership.*

    This statute making property embarked in a trade liable for the debts
    of the person who conducts the business without disclosing the
    owner by a conspicuous sign, applies regardless of whether the cred-
    itors were misled or their claims antedated the business. *Gumbel* v.
    *Koon, ante,* 264.

3. TRIAL BY JUDGE. *Motion for new trial. Bill of exceptions.*

    If a case is tried by a circuit judge without a jury, under Code 1880,
    §§ 1705, 1706, a motion for a new trial is improper, and failure to
    except to the order overruling it is immaterial ; but the bill of ex-
    ceptions should be taken to the judgment of the court, and, if the
    order overruling such motion allows the bill to be filed, it will never-
    theless be sustained as referring to the judgment. Code 1871, § 651,
    as construed in *Nicholson* v. *Karpe,* 58 Miss. 34, distinguished.

APPEAL from the Circuit Court of Warren County.

Hon. UPTON M. YOUNG, Judge.

An execution on a judgment rendered Dec. 1, 1881, for the
appellant against Henry Bazinsky, was levied upon the con-
tents of a bar and billiard saloon, which were claimed by the
appellee as trustee in a deed of trust executed on June 7, 1881,
by Henry Winstein, to secure Wachenheim & Herman the
purchase-money for the property. A jury was waived, and
the circuit judge decided in favor of the claimant. An order,
made March 21, 1882, overruling the appellant's motion for
a new trial, is that " the court, having considered the same,
doth overrule said motion, and the plaintiff is allowed ten days
to present a bill of exceptions as of this date." On March 24,
1882, a bill was signed, which contained no exception, but
set out the evidence in full. It thus appears that on Feb.
23, 1881, Wachenheim & Herman furnished the stock and

capital to Bazinsky, and made with him a written contract
that he was to keep the bar and billiard saloon under the
name of " Henry Bazinsky & Co.," and receive for his com-
pensation one third of the net profits at the end of the year ;
that he took out the city license in this name accordingly, but
the only sign about the premises was that of the " Empire
Saloon ; " and that on June 7, 1881, Wachenheim & Herman
sold the stock to Henry Winstein, to whom they transferred
their contract with Henry Bazinsky.

*Simrall & Simrall*, for the appellant.

The facts make out a case within the purview of Code 1880,
§ 1300. By written contract, the business was to be conducted
under the name " Henry Bazinsky & Co." The sign " Empire
Saloon " afforded no information as to what persons composed
the firm. As the defendant in execution was the apparent
owner of the property employed in his business, failure to have
the required sign precludes the real owners from now claiming.
No exception is necessary, under the present Code, in order to
present the question whether a circuit judge who tries a case
without a jury has made a mistake upon the entire evidence in
his final decision.

*Miller & Hirsh*, for the appellee.

This court is precluded from considering the alleged error,
because no exception either to the court's action in the prog-
ress of the case or to the order overruling the motion for a new
trial appears in the record. *Memphis Railroad Co.* v. *Chastine*,
54 Miss. 503. The bill sets out evidence, but is not a bill of
exceptions, for it contains none. *Exum* v. *Brister*, 35 Miss.
391 ; *Ketchum* v. *Brennan*, 53 Miss. 596 ; *Cook* v. *Ligon*, 54
Miss. 368. Excluding this bill, the judgment must be affirmed.
But the judgment is sustained by the evidence, which shows
that the property belonged to Winstein, who was in charge at
the time of the levy, and who had a conspicuous sign, " Em-
pire Saloon." How a business is conducted is a question of
fact, and the verdict is conclusive of this question. *Guion*
v. *Doherty*, 43 Miss. 538 ; *Robertson* v. *Cloud*, 47 Miss. 208 ;
*O'Leary* v. *Burns*, 53 Miss. 171. The statute (Code 1880,
§ 1300) applies only where the debtor carries on the business
" in his own name," or with the words " agent," " factor,"

"and company" or "& Co.," and not where a name like
"Empire Saloon" is used, which can mislead no person.
Credit was not given on the faith of Bazinsky's apparent own-
ership.    He was merely the bar-tender.    The plaintiff in exe-
cution has failed to make out his case, although he had the
burden of proof.   *Irion* v. *Hume*, 50 Miss. 419 ;  *Waddell* v.
*Magee*, 53 Miss. 687.

CHALMERS, C. J., delivered the opinion of the court.

By § 1300 of the Code of 1880 it is provided in substance
that if any person transacts business as a trader, or otherwise,
with the addition of the word Co. or company to his name,
without disclosing by a conspicuous sign the name of his part-
ners ; or if any person transacts business in his own name,
without any addition thereto, all the property used or ac-
quired in the business shall be liable to his debts.  · Wachen-
heim & Herman entered into a written contract with Bazinsky,
by which it was agreed that they should furnish the capital
and goods for opening and carrying on a retail liquor and bil-
liard saloon business in the city of Vicksburg.    Bazinsky was
to be a mere employee only, though he was to receive a third
of the net profits for his services.   The business, it was speci-
fied, was to be carried on in the name of " Henry Bazinsky &
Co.," and in the name of " Henry Bazinsky & Co." the license
for the business was obtained from the city authorities.    Ba-
zinsky testifies that the business was conducted by him under
this license.

This was sufficient under the statute to make all the prop-
erty used in the business liable to the individual debts of
Bazinsky, though he had no real interest in it, and though no
sign except that of " Empire Saloon " was placed over the
door.   It is immaterial that there was no sign of Bazinsky, or
of Bazinsky & Co., over the door.   The original agreement
was that the business should be conducted under the name of
" Henry Bazinsky & Co. ; " the license was so taken out, and
the business carried on under that license.   This being so, it
was incumbent upon those putting their property in the busi-
ness to see that a sign was conspicuously posted, giving exact
information as to the true ownership of the property.    We

have heretofore held that we would enforce this statute as it was written, without regard to whether the debts sought to be collected under it were antecedent or subsequent to the inauguration of the business, or whether creditors had actually been misled or not.   *Gumbel* v. *Koon, ante,* 264.

Under Code 1871, § 651, a motion for a new trial was permissible but not obligatory, where the case was tried by the judge without a jury.   *Nicholson* v. *Karpe,* 58 Miss. 34.   Under Code 1880, §§ 1705, 1706, a motion for a new trial is not contemplated, but the bill of exceptions is taken directly to the judgment of the court.   In this case, therefore, we must refer the bill of exceptions to the judgment rather than to the action upon the improper and unnecessary motion for a new trial. No such motion being contemplated by the law in this class of cases, it is immaterial that no formal exception was filed to the order overruling it.

*Reversed and remanded.*