### W. J. CONWILL ET AL., EXTRS., *v.* MARK CONWILL ET AL.

ESTATES OF DECEASED PERSONS.    *Final decree.    Infants.*
  A decree of distribution on the administrator's final settlement in the probate
    court is conclusive upon adult distributees who are served with process, but
    not upon a minor for whom no guardian *ad litem* is appointed.    *Cason* v. *Cason,*
    31 Miss. 578, followed.

APPEAL from the Chancery Court of Itawamba County.
HON. L. HAUGHTON, Chancellor.

J. G. Conwill, who in 1863 was appointed by the Probate Court of Itawamba County administrator of the estate of W. G. Conwill, deceased, on December 22, 1865, filed his account of final settlement, and citations having been served on the distributees, a decree was rendered at the next term discharging the administrator and directing distribution, which was made.    At the same time, Mark Nichols was appointed guardian of Mark Conwill, an infant distributee, and received his share of the estate.    After this minor reached majority, he and the other distributees, charging that the former decree was void, filed in the Chancery Court of Itawamba County, on October 16, 1882, a petition for final settlement against the appellants, J. G. Conwill's executors.    At the hearing, upon

the evidence and an answer, which pleaded the decree in bar, the Chancellor declared the former proceeding void, and ordered the executors to make a final settlement of their testator's administration of the estate.

*Newnan Cayce,* for the appellants.

There is no question of entirety about this matter. Undoubtedly the court had jurisdiction of the adults. Its decree as to them is conclusive. A settlement between them and the administrator out of court would be binding. After participating in the proceeding and accepting their shares under the decree, they cannot avail themselves of the minor's rights. No analogy exists between a judgment at law or a chancery decree and the final settlement of an estate. This is the close of an administration conducted under the orders of the court, and each distributee's share is fixed as a separate and independent debt. The probate cases cited for the appellee relate to sales of land in which the parties were jointly interested.

*L. Brame,* on the same side.

Courts have not always observed the distinction between judgments reversed on appeal and those collaterally attacked, and this has occasioned confusion. As shown in the case of *Rule* v. *Broach,* 58 Miss. 552, the only case in this State in which it is decided that a decree is void as to all the parties because void as to some is *Hamilton* v. *Lockhart,* 41 Miss. 460. But while following this decision the court announces that it will not extend the doctrine beyond decrees for *sales* in probate proceedings. This is the limit at which the decisions in this State stop, and the case at bar is not included. If the decree was void as to the adults, however, they are estopped by accepting their shares. After being duly summoned, the amount due each of them was fixed, and they received these sums without objection. They cannot now, when the administrator has died, reopen the matter.

*Blair, Clifton & Eckford,* for the appellees.

The decree was void as to the minor because no guardian *ad litem* was appointed. *Burrus* v. *Burrus,* 56 Miss. 92. At common law a judgment was considered an entirety, and when shown to be void as to one of several defendants, it was held to be void as to all.

Freeman on Judgments, §§ 43, 729. This principle of the common law has been adopted by Mississippi and many of the other States. *Hall* v. *Williams,* 6 Pick. 232 ; *Holbrook* v. *Murray,* 5 Wend. 161 ; *St. John* v. *Holmes,* 32 Am. Dec. 603 ; *Parisot* v. *Green,* 46 Miss. 747. In this State the principle has been applied to decrees of the probate court, and it has been repeatedly held that a judgment or decree was not binding against any of the parties defendant, unless all of them had been actually or constructively served with process or otherwise brought into court. *Steen* v. *Steen,* 25 Miss. 513 ; *Hamilton* v. *Lockhart,* 41 Miss. 460 ; *Martin* v. *Williams,* 42 Miss. 210 ; *Rule* v. *Broach,* 58 Miss. 552. Even in chancery proceedings the principle is applied to decrees, except where the defendants are jointly and severally liable for the amount of the decree. *Pouns* v. *Gartman,* 29 Miss. 133.

CAMPBELL, C. J., delivered the opinion of the court.

The decree was not conclusive as to Mark Conwill, the minor distributee, but it was conclusive as to the adult distributees. *Cason* v. *Cason,* 31 Miss. 578.

*Reversed.*