OWEN *et al. v.* STONER.*

(Division A.   Nov. 21, 1927.)

[114 So. 613.   No. 26671.]

1. EXECUTORS AND ADMINISTRATORS. *Compensation of attorney and right of executor to employ one at expense of estate are strictly statutory (Hemingway's Code 1927, section 1875).*

    Compensation of an attorney and right of executor to employ one at expense of estate are controlled strictly by Hemingway's Code 1927, section 1875 (Code 1906, section 2131).

2. EXECUTORS AND ADMINISTRATORS. *Court may allow reasonable sum to executor where he shows payment of such fees for proper services, rendered in good faith (Hemingway's Code 1927, section 1875).*

    An executor may not be allowed attorney's fees, under Hemingway's Code 1927, section 1875 (Code 1906, section 2131), unless he shows payment of such fees or liability incurred therefor, for which court, finding same to be for services rendered, which were proper and in good faith, may allow reasonable sum to be credited to executor.

3. EXECUTORS AND ADMINISTRATORS. *Executor cannot recover, from estate, fees for his services as attorney in ordinary administration (Hemingway's Code 1927, section 1875).*

    An attorney may not recover, as executor, from an estate in his hands, fees for his services as attorney in and about ordinary administration of estate, since executor may not contract with himself for special services as attorney and thus bind estate for payment thereof, under Hemingway's Code 1927, section 1876 (Code 1906, section 2131).

4: Appeal and Error. *Party need not formally object or except to decree rendered against him to have matters reviewed.*

It is not necessary to formally object or except to a decree rendered against a party, in order to have matters reviewed.

5. Executors and Administrators. *Residuary legatees did not have to formally object or except to decree allowing executor fee for services as attorney in final settlement, in order to preserve matter for review.*

Residuary legatees did not have to formally object or except to decree closing final administration of estate and allowing executor fee for his services as attorney, to which he was not entitled, in order that matter might be reviewed by supreme court.

---

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 874, n. 68; p. 939, n. 19; Executors and Administrators, 24CJ, p. 97, n. 15; p. 98, n. 18; p. 99, n. 26 New; p. 104, n. 95; p. 108, n. 38; p. 1047, n. 70. As to right of executor, administrator, or testamentary trustee who is himself an attorney, to employ another attorney at the expense of the estate, see annotation in 18 A. L. R. 635. As to right of executor or administrator to extra compensation for legal service rendered by him, see 36 A. L. R. 748; 11 R. C. L. 231; 4 R. C. L. Supp. 704; 6 R. C. L. Supp. 658.

Appeal from chancery court of Leflore county.

Hon. Harvey McGehee, Chancellor.

Alfred Stoner, executor of the estate of D. M. Mc-Gehee, deceased, filed a final account as executor, and A. M. Owen and another appeal from a decree approving the final account, closing administration of estate, and allowing the executor attorney's fees. Reversed and remanded.

*Green, Green & Potter,* for appellants.

I. *An executor or administrator, who is also a lawyer, cannot recover an attorney's fee for any service he may render in and about the administration of the estate.*

(a) Compensation of executors and administrators is strictly statutory. At common law an executor or administrator was not allowed compensation for his services, trouble, or loss of time in the performance of his duties, but was limited strictly, in the allowance to which

he was entitled, to the necessary expenses incurred in the conduct of his office. 24 C. J. 973, sec. 2394. Their office as personal representative was regarded as charitable, always associated with the idea of benevolence and philantrophy, and any profit to an executor or administrator was not only denied, but was deemed to be in contravention of public policy.

Compensation of executors and administrators has come only as the result of statutory enactments, and in view of the strict common-law rule denying compensation, as *supra,* when the statute has assumed to act in the premises, only under the legislative authority, so thus given, can the right of compensation to executors or administrators for services rendered in behalf of the estate be predicated. The applicable Mississippi statutes, giving first the right of compensation to an executor or administrator as executor, and second the right to them of allowance for attorney's fees, are: Sections 1874 and 1875, Hemingway's Code 1927 (Secs. 1798 and 1799, Hemingway's Code).

The last statute is the only authority, either express or implied, that the chancery court has to allow an executor or administrator an attorney's fee at all, and the special attention of the court is called to the fact that an execuor or administrator thereunder can be allowed as attorney's fees only such reasonable sums "as he may have paid for the services of an attorney in the management or in behalf of the estate" and then only "if the court be of the opinion that the services were proper and rendered in good faith."

The appellee herein, as executor of the estate of D. M. McGehee, deceased, did not pay a cent to any lawyer for professional services rendered him as executor in the management or in behalf of said estate.

First: An executor cannot contract with himself. 13 C. J. 261; *Eastman* v. *Wright,* 6 Pick. (Mass.) 316. Second: An executor is personally liable for attorney's fees, and the liability therefor is not against the estate. *Clop-*

*ton* v. *Gholson*, 53 Miss. 466, and cases therein cited; *Howell* v. *Myers*, 105 Miss. 771, 63 So. 233, and cases therein cited. Third: It is contrary to public policy to permit an executor for services rendered by himself to recover an attorney's fee. 11 R. C. L., p. 231, sec. 258; 24 C. J. 108, sec. 547; *Woerner Law of Administration* (3 Ed.), 1923, p. 1778; Alexander, Commentaries on Wills, 1918 Ed., sec. 1563, p. 2384; *Elkin* v. *Rives*, 82 Miss. 744, 35 So. 200; *Holding* v. *Allen*, 36 A. L. R. 748, and many cases there cited; *Doss* v. *Stevens*, 59 Pac. (Colo.) 67; *Broughton* v. *Broughton*, 43 Eng. Reprint, 831; *Needham* v. *Needham*, 200 Pac. 346 (1921).

Furthermore, the rule is well established that an administration who is also a lawyer is required to exercise his professional skill to conduct the business of the estate himself, without extra compensation, and without legal assistance, unless as necessity be shown for the employment of such assistance. See cases above cited.

II. Compenation of executor and administrators is statutory, and regardless of the different capacities in which they may act, they can claim compensation only in their capacity of executor or administrator. 24 C. J. p. 109, sec. 548; Schouler on Wills, 1926, Supplement 3020a, p. 371; *Satterwhite* v. *Littlefield*, 21 Miss. 302.

The duties of an executor to an estate are separate and distinct from the duties of an attorney therein; each has an independent sphere of activity, and with deference, as appears by the record in this cause, the executor, the appellee herein, did not do one single act in the administration that his duty as executor did not require. *Thompkins* v. *Drennan*, 10 So. (Ala.) 638; *Elkin* v. *Rives*, 82 Miss. 744, 35 So. 200; *Tubberville* v. *Simpson*, 94 Miss. 154.

*Gardner, Odom & Gardner,* for appellee.

*Is it lawful for an executor or administrator, who is also a lawyer, to be allowed attorney's fee for any serv-*

*ice that he might render in and about the administration of the estate?* It will be observed that this is the principal point stressed by appellants. Although the decisions are not in harmony relative to this point we shall concede for the sake of the argument that such compensation may not be allowed. For authorities holding *pro* and *con,* see 24 C. J. 108, where it will be observed that allowances are made or not in accordance with the peculiar wording of the statutes provided for such instances, and in accordance with prior analogous decisions. However, we consider it unnecessary to pursue this point for the reason that the appeal turns on other considerations.

*Is the allowance excessive, and was it legally made?* The liability incurred by the executor, at the time that the bond was executed, was twenty-two thousand three hundred fifty dollars and ninety-four cents, and in addition to taking over this amount of tangible assets, the testator owned interests in land located in the state of Texas and in Hinds county, Mississippi, and under the will it became the duty of the executor to manage and look after all of the real estate interests.

It is assumed by the appellants that the attorney's fees were paid over to the executor for his personal services, but we submit that by the record two interpretations may be put upon this allowance of attorney's fees. This court necessarily presumes that the chancellor acted according to law until the contrary is shown, and especially so where appellants did not object to the allowance in the court below and reserved no exceptions. When two reasonable interpretations may be placed upon the decree of the chancellor, one favorable and the other unfavorable, the favorable interpretation will be adopted and we shall show in this brief that the favorable interpretation would be the most plausible.

The authorities are unanimous in holding that an executor, although himself a lawyer, may employ another lawyer to handle the legal business of the estate, and that

reimbursement may be allowed to the executor out of the estate. *Re Graham,* 18 A. L. R. 631; 24 C. J. 109.

We shall first consider the weight given by appellate courts to decisions and discretionary allowances of the lower courts and the right of appellants to raise such points for the first time on appeal. See *Stubblefield* v. *McRaven,* 5 S. & M. 130, 43 Am. Dec. 502; *Jones* v. *Polk,* 208 Ala. 377, 94 So. 350; *Russell* v. *Pearson,* 202 Ala. 310, 80 So. 392; *Succession of Bertrand* (La.), 49 So. 534; Griffith's Chancery, sec. 676; *Cornwill et al.* v. *Cornwill et al.,* 61 Miss. 202; *Atlantic Horse Insurance Co.* v. *Randolph* (Miss.), 68 So. 444; 24 C. J. 390.

*Does the decree state that the fee is allowed to the executor for his personal service as attorney?* Where two reasonable interpretations may be placed upon the language of the record, an appellate court will adopt the one favorable to the finding of the chancellor. The record does not show whether the allowance was for the personal services of the executor or by way of reimbursing him for expenditures.

Counsel assume and argue that the allowance was made to the executor for his service to the estate as *"an attorney"* but the record does not say so. Assuming that the allowance could not be made to the executor for his personal services to the estate as an attorney, appellate courts presume, as will be shown by further authorities hereinafter cited, that the decree of the court was based upon full and sufficient evidence, unless the contrary appears by the record, and that the chancellor knew some law and followed it. *Cason* v. *Cason,* 31 Miss. 578; *Gale* v. *Lancaster,* 44 Miss. 413; *Murff* v. *Peterson,* 57 Miss. 146; *St. Mary's Orphans' Asylum* v. *Powell,* 2 Miss. Dec. 81; *Baumhover's Estate,* 151 Iowa, 146; *May* v. *Walter's Executors,* 149 Ky. 749; *Whitlow's Estate,* 184 Mo. App. 229; *Jacob Reed's Sons, Inc.,* v. *United States,* 71 L. Ed. 387.

*Green, Green & Potter,* for appellants, in reply.

*Failure of appellants to except to chancellor's decree, allowing the executor an attorney's fee of two thousand dollars, does not make said decree conclusive against them.* Appellee, in his brief, cites and quotes *Stubblefield v. McRaven,* 5 S. & M. 130; *Russell v. Pearson,* 202 Ala. 310, 80 So. 392, to the effect that appellate courts will not review the correctness of a decree allowing any item against the estate, where, through the interested parties were duly summoned to appear, they did not appear or having appeared, they did not take exception, or reserve the right to except thereto. With deference, those cases are not here in point. They were decided by a probate court, and a probate court is a court of law, in which exceptions must be made or reserved, but the rules in such court are not applicable in a court of equity.

Chancery practice does not require that exceptions be made or reserved, in order that an objection to adverse ruling or decree may be urged on appeal. Miss. Chancery Practice, Griffith, sec. 580, p. 645, 3 C. J. 908, sec. 898; *Bell v. James Gordon,* 55 Miss. 45; *Wright v. Frank et al.,* 61 Miss. 32; *Cornwill et al. v. Cornwill et al.,* 61 Miss. 202, holding that a "decree of distribution on the administrator's final settlement in the probate court is conclusive upon adult distributees who are served with process," and relied on by appellee, is not applicable to the case at bar. Therein the court, and note it was a court of probate, had under consideration, a collateral attack on a judgment, and not a direct appeal as here involved.

*This court cannot presume attorney's fees allowed executor who by him paid to an attorney for services rendered the estate, where executor's petition for final accounting and his discharge, does not state a cause for such allowance.*

In the matter of proving for allowance a claim for attorney's fee, such claim must be presented and allowed just as any other claim. Sections 1868, 1869, 1870, 1871 of Hemingway's 1927 Code.

Not having stated a cause for such allowance, it was not necessary that the appellants make an exception thereto, in order to urge their objection on appeal. *Gresham et al.* v. *State Bank of Sunflower,* 95 So. (Miss.) 65.

Argued orally by *Marcellus Green,* for appellant, and by *A. F. Gardner,* for appellee.

McGOWEN, J., delivered the opinion of the court.

A. M. and Kate M. Owen, appellants here, on the final decree of the chancery court of Leflore county, approving the final account of Alfred Stoner, executor, and appellee here, closing the administration of said estate and allowing said Alfred Stoner, executor, a credit for attorney's fees of two thousand dollars prosecute this appeal. By the will of D. M. McGehee, decedent, Alfred Stoner was named as executor, and there was one specific legacy, a life insurance policy for three thousand dollars bequeathed to Miss Maggie Swann. The residue of the estate was bequeathed to the appellants A. M. and Kate M. Owen. The entire record shows that each petition filed in the chancery court in the course of this administration, beginning with the petition for probate of the will and ending with the petition for approval of final account and allowance of attorney's fees, was by Alfred Stoner, executor, *pro se.* The record does not disclose that any solicitor appeared for said executor in any matter connected with the administration of this estate. The petition for approval of final account and allowance of attorney's fees shows that the total value of the estate is twenty-two thousand one hundred ninety dollars and eighteen cents, inclusive of the uncollected not due notes and other personalty, and the account shows that said executor has collected seven thousand three hundred seventy-five dollars and eighteen cents, and disbursed, as *per* vouchers one to eight, inclusive, six hundred seven dollars and twenty-one cents, leaving a balance of cash

on hand of five thousand seven hundred sixty-seven dollars and eighty-seven cents.

The petition and final account both showed that notes in his hands of certain individuals would not all become due until January 1, 1935, and prayed for approval of said account, and that he be permitted to turn over to the devisees and legatees the balance of the assets in his hands.

The petition further showed that the deceased died seized and possessed of "real estate in the city of Jackson, Hinds county, Mississippi, and also real estate in Willacy county, Texas, but the will executed by said testator did not direct that petitioner make any disposition of it."

With no voucher attached to the account therefor, and without any allegation in the petition that any solicitor had been employed or contracted with, he prayed "that petitioner be allowed a reasonable attorney's fee in this behalf."

The court below approved the account as being correct and complete in every respect, the decree directed that the three thousand dollar life insurance policy be paid to Miss Maggie Swann and directed that the residue of the estate shown in the account be turned over to the legatees, A. M. and Kate M. Owen, appellants here, and the court further found that:

The "sum of two thousand dollars is a reasonable allowance to the said executor for attorney's fees in this behalf, (and) it is ordered, adjudged, and decree that the said executor, Alfred Stoner, be and he is hereby allowed the sum of two thousand dollars as attorney's fees, no part of which shall be deducted from the three thousand dollars mentioned herein as being the property of Miss Maggie Swann."

The decree further recites that there is no further need of an executor, and that the estate has been fully administered.

The will was probated and the executor appointed on June 6, 1926, and the final account approved and allowed on the 28th day of March, 1927.

The appellants assign as error the allowance of two thousand dollars to be paid as attorney's fees by the executor, Alfred Stoner, to himself.

Counsel for appellee, the executor, stresses the fact that, although process was duly issued and served, it does not appear that the appellants were personally in court, or took any exception to the action of the court in this, or any other behalf, saying that in the absence of objection or exception to the final decree this matter cannot now be reviewed by this court; that the decree became final in the lower court without objection being formally entered by the appellants.

It will be observed that by this decree, these appellants. A. M. and Kate M. Owen were the parties required by decree of the court to pay these attorney's fees if allowed to the executor.

Under the common law, the position of an executor was an honorary one of trust and confidence reposed in the party named by the testator as such, and was not entitled to compensation for his services as such executor, but, by statute, early in the history of this state, an executor was allowed compensation within reasonable limits and the allowance of commissions within these limits was within the sound discretion of the chancery court, and the finding of such court will not be disturbed, unless shown to have been a manifest abuse of discretion. *Spratt* v. *Baldwin,* 33 Miss. 581.; *Powell* v. *Burrus,* 35 Miss. 605.

But the question of commissions to the executor is not under review for the reason that the executor neither asks for nor was allowed commissions in the court below.

Prior to the passage of the act which is now section 1875, Hemingway's Code 1927 (section 2131, Code of 1906), an executor who found it necessary to employ an

attorney in the course of the administration of an estate became personally liable for attorney's fees thus incurred, and was not permitted to charge same against the estate. This statute is as follows:

"In annual and final settlements, the executor or administrator shall be entitled to credit for such reasonable sums as he may have paid for the services of an attorney in the management or in behalf of the estate if the court be of opinion that the services were proper and rendered in good faith."

It is too patent for argument that the court below allowed an attorney's fee to the executor for himself, and not as compensation to some other attorney, employed in good faith, to represent the executor in the course of his administration. The compensation of an attorney and the right of the executor to employ one at the expense of the estate are strictly statutory, and in this case it does not appear from the petition and decree that an attorney was employed or contracted with by the executor. So, there can be no doubt that this allowance was to Alfred Stoner, executor, and it is not alleged in the petition, nor shown in the account, that any attorney's fees had been paid by the executor for such services. It appears to us that the effort was to allow attorney's fees in lieu of commissions.

An executor may not be allowed attorney's fees, unless he shows the payment of such fees or liability incurred therefor, for which the court, finding same to be for services rendered which were proper and in good faith, may allow a reasonable sum to be credited to the executor.

There was no effort here to pursue the statutory method. This method is the only way, under our statute, by which an executor may be reimbursed for attorney's fees incurred in good faith in a reasonable sum. An attorney may not recover, as executor, from an estate in his hands, fees for his services as attorney in and about the ordinary administration of the estate.

As shown by the decree of the lower court, the effort is to make the estate primarily liable for attorney's fees. This cannot be done. An executor may not contract with himself for special services as attorney and thus bind the estate for the payment thereof. He may not have compensation for his professional services. Persumably, the testator selected him as executor of the estate because of his ability and knowledge, as well as his trustworthiness and if the executor elects to represent himself in the course of the administration, it will be considered that he exercised his professional skill as a gratuity, and not for remuneration. In this sense, he cannot become his own client. 11 R. C. L. 231, section 258, citing authorities, and 24 C. J. 108, section 547, also citing authorities. In *Elkin* v. *Rives,* 82 Miss. 744, 35 So. 200, Judge Whitfield, as the organ of the court, said:

"In those cases in which a dry, naked trustee has been allowed attorney's fees for services, such as *Lowrie's Appeal,* 1 Grant. Cas. [Pa.] 373, and *Babcock* v. *Hubbard,* 56 Conn. 284, 15 A. 791, the professional services have usually been rendered in litigating cases or in conducting suits. In both the cases referred to, the trustee had been employed as attorney before he acted as trustee, and was a mere holder of legal title. In all the other cases that we have been able to find, trustees have been denied compensation for professional services. See Underwood & Hill on Trusts and Trustees, p. 317, note 1, and the authorities cited at the foot of page 318."

The rule we here announce is aptly stated in 36 A. L. R. 748, reading as follows:

"The general rule is that where a lawyer becomes executor or administrator his compensation as such is in full for his services, though he exercises his professional skill therein; and, even if he performs duties which he might properly have hired an attorney to perform, he is not entitled to attorneys' fees."

We conclude that it was error for the lower court to allow solicitor's fees to the executor himself in this case,

unless counsel for appellees are correct in contending that we are precluded from considering this allowance in the final decree because same was neither objected to by, nor excepted to by, the appellants in the court below. Counsel for appellee cite certain Alabama cases, and *Succession of Bertrand,* 127 La. 857, 54 So. 127, from the Louisiana court, but they mainly rely on a quotation from Griffith's Chancery Practice, section 673, wherein Judge GRIFFITH states that questions not definitely raised in the trial court and reserved for review will not be noticed on appeal. But we think Judge GRIFFITH's observation referred to those matters which occur in the course of the trial below, and not to matters complained of in the decree entered against them, such as is the case here with the appellants. Likewise, we think the case of *Conwill* v. *Conwill,* 61 Miss. 202, has no application, because that was a collateral attack upon a decree issued many years after the rendition of the decree complained of, and was not raised upon direct appeal as in the case now under review.

It is not necessary to formally object or except to a decree rendered against a party. In our opinion, the court below erroneously held, as a matter of law, that the executor was entitled to attorney's fees for the services rendered by himself, and this was an erronous construction of the statute to so hold. In the case at bar, under the *status* of this estate, the legatees, appellants here, were the losing parties to the extent of two thousand dollars. That part of the decree applies to no one else. It certainly was not necessary for the losing parties, thus situated, to enter a formal exception to any feature of the decree which was certainly adverse to them to the extent of the amount allowed, when, as we view the law, no attorney's fees were allowable at all in the state of this record. *Bell* v. *Gordon,* 55 Miss. 45; *Quin* v. *Myles,* 59 Miss. 375; *Wrigh* v. *Frank,* 61 Miss. 32. Judge GRIFFITH, in his Chancery Practice, is in accord with the rule we state, as will be found on pages 580 and 581.

This is not a case of a court adjudicating a claim legally presented against an estate and allowing same, but it is a case of a court entering a decree charging the losing parties for services rendered, which, in our opinion, were unlawful, and appeal was such parties' only remedy. There was nothing in this proceeding to be resisted by them. There was no allegation that any sum was due in the body of the petition presented for the approval of the court, but there was only a prayer for the allowance of attorney's fees.

We do not think we are called upon to follow counsel for both the appellee and the appellants in undertaking to lay down a rule for the guidance of the lower court in the matter of fixation of commissions to the executor for his services, and we decline so to do. The decree of the court below is reversed, and the item of two thousand dollars as attorney's fees to be charged against the estate, or in fact the appellants here, is disallowed, and the cause will be remanded to the lower court for the fixation of such commissions as the court may find should be allowed the appellee as executor of this estate, under the law.

*Reversed and remanded.*